CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 22 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ELIZABETH M. BURFORD, | Civil Action No. 7:15CV00330 |
| Plaintiff, | |
| | **MEMORANDUM OPINION** |
| v. | |
| | Hon. Glen E. Conrad |
| BRANCH BANKING AND TRUST COMPANY, et al., | Chief United States District Judge |
| Defendants. | |

Elizabeth M. Burford, proceeding pro se, filed this action against Branch Banking and Trust Company and BB&T-VA Collateral Service Corporation (collectively, "BB&T"), seeking to cancel a mortgage loan on the basis that she did not sign the loan documents. The case is presently before the court on BB&T's motion for summary judgment. The court notified Ms. Burford of the motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), but she has not filed a response and the time for doing so has passed. For the reasons set forth below, the motion for summary judgment will be granted.

## Background

The following facts from the summary judgment record are undisputed.* On February 10, 2004, BB&T originated a retail loan in the amount of $54,936.26 to "Ms. Elizabeth M. Burford." BB&T Ex. 1. According to BB&T's business records, Ms. Burford signed the Retail Note and Security Agreement documenting the original loan amount and the loan payment schedule.

---

* Because the plaintiff has not addressed the assertions of fact made in support of the defendants' summary judgment motion, the court "consider[s] the fact[s] undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

Under the terms of the note, Ms. Burford was required to make equal monthly installments over a twenty-year period.

To secure payment of the note, Ms. Burford executed a deed of trust on certain real property in the City of Roanoke. The address of the property is 3432 Pittsfield Avenue NW, Roanoke, Virginia 24017. That address is identified in BB&T business records as Ms. Burford's primary residential address.

BB&T's business records indicate that the bank took steps to verify Ms. Burford's identity at the time it accepted the loan application. The steps included inspecting her driver's license and verifying the validity of her social security number.

Subsequent to the origination of the loan in February of 2004, Ms. Burford made regular monthly payments for more than ten years. On January 21, 2014, the bank moved the loan from its retail loan system to its mortgage loan system, which resulted in a change in the loan account number. Ms. Burford continued to make regular payments on the loan until January of 2015, when she fell behind on her payments.

Ms. Burford also maintains depository accounts with BB&T. At the time the depository accounts were opened, Ms. Burford's identity was verified by BB&T. The address associated with the accounts is 3432 Pittsfield Avenue NW, Roanoke, Virginia 24017. BB&T has produced the signature cards for the depository accounts. The signatures on the cards are consistent with the signatures on the note and the deed of trust.

## Discussion

BB&T has moved for summary judgment. An award of summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

2

matter of law." Fed. R. Civ. P. 56(a). For a party's evidence to raise a genuine issue of material fact to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party, and draw all reasonable inferences in her favor. Id. at 255; see also Terry's Floor Fashions, Inc. v. Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir. 1985).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden is met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Notably, the non-moving party "may not rest upon mere allegations or denials." Wilkins v. Montgomery, 751 F.3d 214, 220 (4th Cir. 2014) (internal citation omitted). If the non-moving party fails to address the moving party's assertions of fact as required by Rule 56, the court may "consider the fact[s] undisputed for purposes of the motion [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

Applying these principles in the instant action, the court concludes that BB&T is entitled to summary judgment. BB&T's business records establish that the bank issued a loan to Ms. Burford in 2004, and that she made regular monthly payments on the loan for over ten years. It was not until 2015, after she fell behind on her monthly payments, that Ms. Burford challenged the validity of the signatures on the loan documents. However, the record before the court provides no basis to support such challenge. Instead, the undisputed evidence establishes that BB&T took

3

steps to verify Ms. Burford's identity during the loan origination process, and that her identity was, in fact, verified by the bank. Since that time, Ms. Burford has opened more than one depository account with BB&T, and her identity has been verified by the bank on each occasion. Additionally, the signatures on the loan documents and the deed of trust are consistent with the signatures on file for the depository accounts. Based on the undisputed evidence in the record, the court concludes that there is no genuine dispute of fact concerning the validity of the loan obtained by Ms. Burford, and that BB&T is entitled to judgment as a matter of law.

## Conclusion

For the reasons stated, the court will grant BB&T's motion for summary judgment. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

DATED: This 21st day of March, 2016.

                                                                               Chief United States District Judge